# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff<br><br>v.<br><br>ALBERT RAUL FRANCO,<br><br>　　　　Defendant | Case No.: 2:18-cr-00356-APG-DJA<br><br>**Order Denying Motions for Compassionate Release**<br><br>[ECF Nos. 121, 125] |

　　　　Defendant Albert Franco pleaded guilty to seven counts of Illegal Acquisition of a Firearm, Aiding and Abetting.  On May 27, 2020, he was sentenced to 36 months in custody. ECF No. 100.  He has served approximately six months of that sentence, and his release date is in November of 2022. ECF No. 125 at 1.  He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because he is recovering from COVID-19; suffers from asthma, high blood pressure, and schizophrenia; and is African American.  The United States opposes the request.

　　　　The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."[1]  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13(2)).

---

[1] Mr. Franco has exhausted his administrative remedies as required by the statute.

The COVID-19 virus presents a risk to all incarcerated people. It also presents a risk to citizens who are not incarcerated. Mr. Franco contracted COVID-19 but has recovered. His underlying health conditions likely increase the risks should he contract the virus again. But he did not experience severe problems when he contracted COVID-19 before. And it appears from the medical literature that his risk of reinfection is minimal, although there is insufficient data at present to say that with certainty. The Bureau of Prisons (BoP) is taking steps to prevent the spread of the virus at USP Atwater where Mr. Franco is housed. As of December 16, 2020, only two inmates and five staff members were infected. *See* https://www.bop.gov/coronavirus/ (last accessed 12/16/2020). Thus, it appears that USP Atwater is able to isolate and treat detainees that become infected, either internally or with outside help.

If Mr. Franco is released, he would still risk reinfection because Nevada has been hit very hard by the virus, as have most Western states. Releasing him requires him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also necessitates greater interaction with Probation officers, to set up and continue monitoring of him. Release also exposes Mr. Franco to reinfection from his family members or others he (and his family) comes into contact with through daily activities.

Even if Mr. Franco's condition can be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (court must determine that "the defendant is not a danger to the safety of any other person or to the community"). Mr. Franco has a significant criminal history including possession of weapons and drugs, assault, and domestic battery. He has been revoked from parole several times for failure to comply with parole conditions, and warrants have been issued several times for his failure to appear in court. While he was on pretrial release in this case—and

presumably acting on his best behavior—he was arrested twice, for possession of a weapon and trafficking drugs. His repeated refusal to abide by release conditions strongly indicates he would not follow directions from me to remain sequestered to avoid COVID-19. His history confirms he is a danger to the community.

Mr. Franco's sentence was below the guideline-recommended range. But it was appropriate for his crimes. He does not present "extraordinary and compelling" reasons to justify releasing him after serving only one-sixth of that sentence. And he is a danger to the community. I therefore deny his motions for compassionate release (ECF Nos. 121, 125).

DATED this 17th day of December, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE